Robert T. Mills
Sean A. Woods
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, AZ 85014

Sonjay C. Singh (*Pro Hac Vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
ssingh@sirillp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **A.L.**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MANNKIND CORPORATION** and **UPSCRIPT INVESTMENTS, LLC**,<br><br>Defendants. | Case No.: 2:25-cv-04903-JJT<br><br>**PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY** |

1

Plaintiff A.L. ("Plaintiff"), by and through counsel, seek the Court's leave to appear and proceed pseudonymously for the reasons stated as follows:

## I. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is an adult citizen of the United States who was prescribed Afrezza to treat her diabetes. Plaintiff visited www.afrezza.com (the "Afrezza Website") to obtain information regarding Afrezza, register for an account, and apply for and receive a voucher for a discount on Afrezza (a "Savings Card").[1] Defendants produce, market, and sell Afrezza and other pharmaceuticals. In her Complaint, Plaintiff alleges that Defendants installed surveillance software on the Afrezza Website and other Pharmaceutical Websites that collects personally identifiable, highly sensitive health information about website visitors, including information pertaining to their medical conditions, prescriptions, and medical expenses. Compl. ¶¶ 1-15. Plaintiff further alleges that Defendants contemporaneously transmit this sensitive information to third-party internet advertisers in exchange for marketing services. *Id.*

Plaintiff has already suffered one intrusion into her privacy, thereby giving rise to this lawsuit. Through this Motion, she now requests that the Court protect her from having to suffer another.

---

[1] *See* Complaint (Dkt. No. 1) ("Compl."), ¶¶ 16-22.

## II. LEGAL ARGUMENT

**A. A plaintiff may be excused from identifying herself where she demonstrates a sufficiently compelling privacy interest.**

While Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint must state the names of all parties, parties are permitted to "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Accordingly, courts in the Ninth Circuit apply a "balancing test" and determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

**B. Due to the highly sensitive factual matter underlying this action, Plaintiff is at a severe risk of suffering embarrassment and emotional harm if she is not permitted to proceed pseudonymously.**

An individual has a constitutional right to privacy which protects "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). As the Ninth Circuit has stated, this "constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality." *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1269 (9th Cir. 1998). "One can think of few subject areas more personal and more likely to implicate privacy interests than that of one's health . . . ." *Id.*; *see also United States v. Curran*, No. CR-06-227-PHX-EHC, 2006

U.S. Dist. LEXIS 26138, at *14 (D. Ariz. May 2, 2006) ("Indeed, medical and psychological records are entitled to greater protections than other information."). Here, Plaintiff's anonymity must be preserved due to the sensitive nature of this lawsuit, and its involvement of highly personal and confidential information, such as Plaintiff's medical diagnosis and prescriptions, which are also protected by the Health Insurance Portability and Accountability Act ("HIPAA"). As detailed in the Complaint, Plaintiff used the Afrezza Website to obtain information about and a Savings Card for Afrezza. Defendants' use of Tracking Tools allowed for the collection and disclosure of this sensitive information, along with Plaintiff's PII, to Google and other third parties without Plaintiff's knowledge or consent.

Numerous studies have noted Americans' concern regarding the privacy of their medical records. Compl. ¶ 119 (collecting studies). Moreover, courts in this Circuit routinely recognize the sensitivity of medical records and information, allowing the medical information and identities of individuals in cases involving medical information to be sealed from the public records. *See, e.g., Q.R. v. Coopersurgical, Inc.*, No. 24-cv-00689-RS, 2024 U.S. Dist. LEXIS 47575, at *3 (N.D. Cal. Mar. 18, 2024) (granting plaintiff's motion to proceed anonymously where case pertained to sensitive, personal health and medical matters); *Ocean S. v. L.A. Cty.*, No. LA CV23-06921 JAK (Ex), 2023 U.S. Dist. LEXIS 213599, at *8 (C.D. Cal. Nov. 20, 2023) (permitting plaintiffs to proceed pseudonymously to preserve privacy in a matter of sensitive and highly personal medical information).

Plaintiff wishes to preserve her privacy and not be publicly named in this action because the medical and insurance information disclosed in this litigation is highly sensitive and personal in nature. Revealing Plaintiff's identity could cause them embarrassment and emotional injury due to the intimate nature of their medical information regarding their treatment for diabetes—which, as a condition commonly associated with obesity is uniquely capable of causing embarrassment compared to more banal medical conditions.. Allowing Plaintiff to proceed pseudonymously in this situation is consistent with the well-established constitutional privacy interest in protecting sensitive personal matters, such as medical information. As Plaintiff's public identification will infringe upon a profound and commonly accepted privacy right, she has demonstrated that unless allowed to proceed pseudonymously, she will be exposed to significant harm.

### C. Defendants will not be prejudiced if Plaintiff is allowed to proceed pseudonymously.

Plaintiff will privately disclose her identity to Defendants through its counsel. As Defendants will know Plaintiff's identity, Plaintiff proceeding anonymously does not hinder Defendants' ability to litigate this case or prejudice Defendants at this stage. *J.J. v. Ashlynn Mktg. Grp., Inc.*, No. 24-cv-00311-GPC-MSB, 2024 U.S. Dist. LEXIS 227215, at *6 (S.D. Cal. Dec. 16, 2024); *Doe v. Mayo Clinic*, No. CV-24-015090-PHX-DGC, 2024 U.S. Dist. LEXIS 205846, at *5 (D. Ariz. Nov. 13, 2024).

### D. The public's interest in learning Plaintiff's name is far outweighed by the public's interest in preventing a chilling effect on similar privacy litigation.

While there is a public interest in open judicial proceedings, there is also a significant public interest favoring the disposition of cases on their merits. *See Advanced Textile Corp.*, 214 F.3d at 1073. Plaintiff alleges that through the surveillance software installed on the Afrezza Website, Defendants surreptitiously recorded, transmitted, and sold Plaintiff's communications regarding one of the most private and sensitive aspects of her life: her medical conditions, prescriptions, and whether she has medical insurance. *See* Compl. ¶¶ 1-15, 16-22, 62-64. If this Court refuses to allow Plaintiff to proceed pseudonymously, it will essentially be holding that, to seek recompense for the unlawful disclosure of highly personal information, a potential litigant must first make the same highly sensitive information available to the public. As a result, those aggrieved by privacy violations like those alleged by Plaintiff would be confronted with a cruel choice: either forego seeking recompense for the violation of privacy they have suffered, or experience a second, self-incurred privacy injury by filing suit within a publicly accessible, searchable docket.

In contrast, the public interest that may be served through forcing Plaintiff to identify herself publicly is slight. Plaintiff alleges that Defendants systematically collected and disclosed not only her sensitive health information, but that of thousands of other individuals. *See* Compl. ¶¶ 129-34. While the public certainly has an interest in the subject matter of the litigation—the surreptitious farming of

sensitive, personal information by website providers—that interest is not particularly advanced by identifying the name of one out of thousands of impacted individuals, especially when that name will be provided to the Defendants. *See Doe v. Cty. Of El Dorado*, No. 2:13-CV-01433-KJM-KJN, 2013 U.S. Dist. LEXIS 169883, at *13 (E.D. Cal. Dec. 2, 2023) (finding that where "anonymity does not 'obstruct public scrutiny of the important issues in a case . . . the public interest instead militates in favor of 'seeing [the] case decided on the merits.'"); *Doe v. Github, Inc.*, 672 F.Supp.3d 837, 854 (N.D. Cal. 2023) ("Where the plaintiffs' identities are not central to the issues raised by a case . . . the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously").

As there is a strong public interest against disincentivizing claims such as Plaintiff's, and a comparatively weaker interest in Plaintiff's public identification, the public's interest weighs in favor of Plaintiff's Motion.

## III.   CONCLUSION

For these reasons, Plaintiff respectfully requests this Honorable Court grant her Motion and allow her to proceed pseudonymously.

| | |
|---|---|
| Date: February 5, 2026 | Respectfully submitted, |
| | |
| | */s/ Sonjay C. Singh* |
| | Sonjay C. Singh (*pro hac vice*) |
| | **SIRI & GLIMSTAD LLP** |
| | 745 Fifth Avenue, Suite 500 |
| | New York, New York 10151 |
| | Tel: (212) 532-1091 |
| | E: ssingh@sirillp.com |
| | |
| | Robert T. Mills |
| | Sean A. Woods |
| | **MILLS + WOODS LAW, PLLC** |
| | 5055 North 12th Street, Suite 101 |
| | Phoenix, AZ 85014 |
| | |
| | *Attorneys for Plaintiff* |